# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAMUEL LEE HUNTER,

    Plaintiff,

-vs-                                                  Case No. 8:09-CV-1119-T-30TBM

STATE OF FLORIDA,

    Defendant.
_____/

## ORDER

*Pro se* Plaintiff, an inmate in the Florida penal system, initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). In his complaint, Plaintiff asserts that his Fourteenth and Eighth Amendment rights to due process and to be free from cruel and unusual punishment were violated when, after being convicted in 1979 of robbery with a weapon, he was erroneously sentenced as a habitual felony offender, and as a result served approximately 10 more years in prison than he should have served.[1] Plaintiff was released from custody on his 1979 conviction on September 26, 2003.[2]

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints

---

[1] Plaintiff raised the same or similar claim in this Court in Case No. 04-cv-224-T-30. Plaintiff's claim was dismissed for failure to state a claim upon which relief may be granted.

[2] The Court takes judicial notice of information reported on the Florida Department Of Corrections Offender Information Network, June 29, 2009, *see* Fed. R. Evid. 201, which indicates that Plaintiff was released from custody on September 26, 2003. Plaintiff's current incarceration for possession of cocaine commenced on September 26, 2007.

against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte*. *See* 28 U.S.C. § 1915A(a). Thus, because the State of Florida has been named as defendant in this proceeding, the Court is required to review the complaint.

Plaintiff seeks monetary relief from the State of Florida (Dkt. 1 at 11). The Eleventh Amendment provides that the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced on or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. Amend. XI. The Eleventh Amendment serves as a jurisdictional bar to suit against a

state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 609 (1996). Congress did not abrogate state sovereign immunity when it passed § 1983 or § 1985. *Quern v. Jordan,* 440 U.S. 332, 350 (1979); *Zatler v. Wainwright*, 802 F.2d 397 (1986). Furthermore, the State of Florida has not consented to suit in federal court in civil rights actions. *See Gamble v. Florida Dept. of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1512-13 (11th Cir. 1986).

Moreover, Plaintiff was aware of his alleged injury at least as early as September 26, 2003, when he was released from incarceration. Consequently, because Plaintiff did not file this § 1983 claim within Florida's four-year statute of limitations for filing personal injury actions, this action is time-barred. Fla. Stat. § 95.11(3); *Wilson v. Garcia*, 471 U.S. 261, 270-75 (1985) (concluding that § 1983 actions are best characterized as personal injury actions and that the forum state's statute of limitations for personal injury actions applies).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under §

3

1983. Plaintiffs' complaint does not contain sufficient facts to constitute a viable claim for relief in a federal court. "[E]ven in the case of *pro se* litigants . . . leniency does not give a court license to serve as *de facto* counsel for a party, . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also Pontier v. City of Clearwater, Fla.*, 881 F.Supp. 1565, 1568 (M.D.Fla. 1995). Thus, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. Neither amendment nor discovery will cure the deficiency in the complaint.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint is **DISMISSED.**

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 29, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff pro se

S:\Odd\2009\09-cv-1119.dismissal.wpd

4